UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ELLEN L. HICKMAN | : | DOCKET NO. 09-0067 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| DOLGENCORP, LLC | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is "Dolgencorp, LLC's Motion for Summary Judgment" (doc. #25) and a "Motion to Strike Photographs Attached to Plaintiff's Memorandum in Opposition to Dolgencorp, LLC's Motion for Summary Judgment" (doc. #44). Defendant avers that Plaintiff has no right to recover against it because there is no genuine issue of material fact, and Dolgencorp, LLC is therefore entitled to judgment as a matter of law. Defendant also moves to strike certain photographs attached to Plaintiff's opposition brief because they are unexplained, unauthenticated and inadmissible.

### FACTUAL STATEMENT

The instant suit involves an alleged slip and fall in a Dollar General store located in DeRidder, Louisiana. On December 31, 2007, Ellen L. Hickman was shopping at the Dollar General when she allegedly slipped on a white substance and/or a plastic toy thought to be a sketch pad similar to an Etch-A-Sketch. As a result of the fall, Plaintiff allegedly sustained injuries to her lower back, back of head, left ankle and right leg.

*Motion to strike*

Defendant has filed a motion to strike the photographs attached to Plaintiff's memorandum in opposition to the instant motion for summary judgment. Defendant maintains that the photographs should be stricken because they are unexplained, unauthenticated and inadmissable. Defendant complains that Plaintiff failed to provide an affidavit, sworn testimony, or properly lay a foundation to attest to the photographs' authenticity or reliability citing *Haskings Trucking, Inc. v. Goodyear Tire & Rubber Co.*[1]

Defendant further complains that the photographs are not relevant because they were taken over two years after the incident happened, therefore, they do not depict what an employee, Ms. Leeds, could see from the cash register because the layout of the store is different. Plaintiff responds that the photographs submitted in this motion are the same ones used during Ms. Leeds' deposition testimony, however, counsel for Plaintiff inadvertently failed to attach them to the deposition. During the deposition, Ms. Leeds identified the November 19, 2009 photographs and acknowledged where the pile of sugar on the back isle was located. Plaintiff's counsel remarks that defense counsel was present when the photographs were taken by Plaintiff's investigator on November 19, 2009. Thus, Plaintiff argues that defense counsel is aware of the origin, reliability and authenticity of the photographs, with the exception of Photograph C. Plaintiff submits sworn affidavits attesting to all of the photographs.[2]

As to Photograph C, this picture was taken by Denise Trimble, a paralegal for an attorney in another suit filed against Defendant.[3] The picture was taken on January 10, 2008 and purports to

---

[1] 2008 WL 1775272 (W.D. La. 2008).

[2] Plaintiff explains that the investigator who took the photos was involved in a serious accident leaving her paralyzed less than 5 hours after she took them.

[3] *Blake v. Dolgencorp, et al* Docket No. 2:09-cv-106.

depict what Ms. Leeds could potentially see from her position behind the cash register. Plaintiff submits an affidavit signed by Ms. Trimble attesting to the authenticity of the photograph. Defendant complains that the pictures do not accurately depict the layout of the store because they were not taken at the time of the incident.

The Court finds that Plaintiff has properly authenticated all of the above mentioned photographs, with the exception of photograph C. However, Plaintiff has made no arguments as to the relevancy or reliability of any of the photographs, other than because they have been authenticated, they are relevant. Ms. Leeds testified that the store had been rearranged since Plaintiff's fall and/or before the photographs were taken in November 2009. Furthermore, and more significantly, Plaintiff appears to submit photograph C to support her theory that the picture purports to represent that Ms. Leeds could see down the aisle where Plaintiff fell from her position behind the cash register. However, in her deposition testimony, Ms. Leeds testified as follows when being questioned by Plaintiff's counsel:

> Q. I-S, okay, okay. Now, I want to show you a picture of something.
>
> Before I show you that, from the cashier's position, okay, can you see the area where Ms. Hickman fell, if you were looking from the cashier's position?
>
> A. No, sir.
>
> Q. Why not?
>
> A. Because the bread rack was there. The bread rack is there.

In the deposition transcript, defense counsel states that the picture was taken "a week after – a week – the picture was taken a week before, actually, or two weeks – a week before Ms. Hickman's

incident."[4] Defense counsel then states "[t]he reason I'm saying that, I left a picture at the office."[5] The Court finds that none of the pictures are admissible because they do not depict the store as it was on the night of the incident.[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires

---

[4] Leeds depo. p. 36, lines 1-3.

[5] *Id.* p. 36, line 5.

[6] See *Chunn v. Brookshire Grocery Co.*, 18 So.3d 179 (La.App. 2d Cir. 2009); *Rutledge v. Brookshire Grocery Co.*, 523 So.2d 914, 919 ( La.App 3d Cir. 1988).

[7] Fed. R.Civ. P. 56(c).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[9] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[10] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[11] *Anderson*, 477 U.S. at 249.

more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law."[12] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises, a plaintiff has the burden of proving that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[15]

"Constructive notice" is defined as the condition for such a period of time that it would have been discovered if the merchant had exercised reasonable care.[16] Plaintiff must show the existence of the condition for "some time period."[17] "The statute does not allow for the inference of

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[14] *Anderson*, 477 U.S. at 249-50.

[15] La.R.S. § 9:2800.6.

[16] La. R.S. § 9:2800.6(C)(1).

[17] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997).

5

constructive notice absent some showing of this temporal element."[18] The claimant must make a positive showing of the existence of the condition prior to the fall.[19] "A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall."[20] "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."[21] Circumstantial evidence may be used to establish a reasonable inference that the temporal element is satisfied.[22]

Defendant maintains that Plaintiff has not provided any factual or evidentiary evidence to carry her burden of proof that Defendant created or had actual or constructive notice of the condition prior to the occurrence. Plaintiff submits the deposition testimony of Estalita Leeds, an employee and the manager in charge who testified that the sugar spill was on a back wall approximately four (4) to five (5) feet from where the plaintiff fell.[23] Ms. Leeds testified that the sugar appeared as though it had been walked through.[24] Plaintiff suggests that the location of the actual sugar spill and

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Ceasar v. Wal-Mart Stores, Inc.*, 787 So.2d 582, 585 (La.App. 3rd Cir. 2001), *writ denied,* 799 So.2d 1143 (La.2001).

[23] Plaintiff's exhibit B, Leeds depo., p. 41, lines 16-25; p. 13, lines 19-22.

[24] *Id.* at p. 42, lines 9-14.

the area where Plaintiff subsequently fell – four to five feet away – demonstrate that the spill existed for some period of time. In other words, because sugar granules were located several feet from the actual pile of sugar, Plaintiff suggests that an inference can be made that a sufficient period of time had passed to put Defendant on notice of the spill.

Plaintiff further asserts that the area where Plaintiff fell was a food isle, and because she slipped on a toy, the location of the toy demonstrates that the employees were not checking the store for spills. Plaintiff also submits Ms. Leeds' deposition testimony wherein she testified that at the time of the incident, as with any other day, she would set a one hour timer to remind the employees to check and/or clean the store.[25] Ms. Leeds testified that because the store was so busy, she could not testify exactly as to how long it had been since the store had been checked and/or cleaned, however, she believed that possibly ten, twenty, or thirty minutes had passed between one cleaning to the next.[26]

Mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by the statute governing negligence claims against merchants.[27] Plaintiff has failed to present evidence that Defendant had constructive notice, and/or Plaintiff has failed to prove the temporal element or existence of the condition prior to the fall.

## CONCLUSION

Based on the foregoing, the motion to strike will be granted and the motion for summary judgment will be granted dismissing with prejudice the claims of Plaintiff against Defendant.

---

[25] *Id.* pp. 30-31.

[26] *Id.* p. 32.

[27] *Hubbard v. AP3 Investments, LLC,* 997 So.2d 882 (La.App. 2d Cir. 2008),

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of April, 2010.

                                                      JAMES T. TRIMBLE, JR.
                                                     UNITED STATES DISTRICT JUDGE